IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MECHELLE A. MAJOR,**

        Petitioner,

v.                                                        Civil Action No. 3:20-CV-194
                                                                    (GROH)

**WARDEN P. ADAMS,**

        Respondent.

## **REPORT AND RECOMMENDATION**

### I.    INTRODUCTION

On October 5, 2020, Petitioner, then an inmate at Hazelton Federal Correctional Institution ("FCI") Secure Female Facility ("SFF"), acting *pro se*[1], filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[2]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] The Court notes that the docket sheet indicates Petitioner is represented by counsel. However, it does not appear that counsel prepared, signed, or filed the petition, nor has he filed a notice of appearance or any other pleadings.

[2] ECF Numbers cited herein refer to Case No. 3:20-CV-194, unless otherwise noted.

## II.  PROCEDURAL HISTORY

The instant petition for relief was filed by Petitioner on October 5, 2020.  ECF No. 1.  Therein, Petitioner asserted that the Bureau of Prisons wrongfully denied her programming credits earned through the First Step Act.  Id. at 5.

As relief, Petitioner requested that the Court order the Bureau of Prisons to immediately grant her First Step Act credits and order her release from confinement.  Id. at 8.

## III.  LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## IV.  ANALYSIS

The Petitioner, federal inmate number 30942-047 filed a habeas corpus claim pursuant to 28 U.S.C. § 2241 on October 5, 2020.  Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some

court thereof." According to the BOP Inmate Locator service[3], Petitioner was released from custody on January 8, 2021.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States. In <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94–95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>See also</u> <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

---

[3] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Because the Petitioner's address on the docket is still listed as Hazelton Secure Female Facility, the Clerk of the Court is DIRECTED to retain a copy of this Order for Petitioner in the event that she provides a mailing address at some future date.  The Clerk is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     February 4, 2021

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE